# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN S. MATHIS,<br><br>  Plaintiff,<br><br>  v.<br><br>COBBS, et. al.,<br><br>  Defendants. | CV F  02 5869 REC LJO P<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO COMPLY WITH RULE 8(a)<br><br>(Doc. 27.) |

Plaintiff Benjamin S. Mathis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 18, 2002. On November 15, 2002, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on May 8, 2003.

On September 8, 2003, the Court dismissed the Complaint and granted Plaintiff leave to file a Second Amended Complaint. The Second Amended Complaint was filed on March 22, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

     The Court has reviewed Plaintiff's Second Amended Complaint and finds that it is not in compliance with Rule 8 of the Federal Rules of Civil Procedure which calls for a "short and plaint statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a), and mandates that "[e]ach averment of a pleading shall be simple, concise and direct." Fed.R.Civ.P. 8(e)(1).

     The manner in which plaintiff has drafted his Second Amended Complaint makes it impossible for the Court to discharge its screening duty without expending an extraordinary amount of time. Plaintiff provides the Court with over twenty (20) pages of pure narrative and does not separately list each individual claim for relief and then provide a brief statement of supporting facts. In addition, plaintiff has attached two inches worth of exhibits to which it appears he makes no reference within the Complaint itself. Plaintiff was informed in the prior Order dismissing with leave to amend that his First Amended Complaint did not comply with Rule 8(a) and Plaintiff was informed of the requirements needed in order to submit a Second Amended Complaint that would be in compliance with the rule. However, it appears that the

Second Amended Complaint is even less clear than the first.

Plaintiff's Complaint should be short and to the point. Plaintiff should list each claim for relief separately and then provide the Court with a brief statement of facts that support his claim for relief. It is not necessary for plaintiff to lay out a chronology of every single factual detail surrounding his allegations. It is Plaintiff's responsibility to come to the Court with clear and concise statement of a claim so as to allow the Court to determine whether the facts provided support a finding that the allegations state a cognizable claim for relief. The Court will not, nor is it its duty to, wade through a lengthy narrative and try to guess as to what kind of claim Plaintiff might be making.

Similarly, it is not the duty of the court to wade through the exhibits in order to determine whether a claim is cognizable. If plaintiff fails to make his claims clear and fails to reference the appropriate exhibit that supports the facts asserted in support of the claim, the Exhibits serve no purpose. Accordingly, because the Second Amended Complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources attempting to sort out potential claims for relief. Plaintiff must submit an Amended Complaint that meets the requirements of Rule 8(a).

**C. CONCLUSION AND ORDER**

Based on the foregoing, the Court HEREBY ORDERS:

1. The Second Amended Complaint is DISMISSED with leave to amend, for failing to comply with Rule 8(a) of the Federal Rules of Civil Procedure;
2. The Clerk of Court is DIRECTED to send plaintiff a blank civil rights form;
3. Within THIRTY (30) days of the date of service of this Order, Plaintiff SHALL file a THIRD AMENDED COMPLAINT that complies with this Order and Rule 8(a).  Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an

amended complaint, as in an original complaint, each claim and ten involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "THIRD AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

4. **If the Third Amended Complaint fails to comply with this Order and Rule 8, it will be stricken from the record; and**

5. **If Plaintiff fails to file a Third Amended Complaint in compliance with this Order, the action will be DISMISSED for failure to comply with Rule 8(a) and failure to obey a court order.**

IT IS SO ORDERED.

**Dated:   May 2, 2005**            /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE