1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | BENJAMIN S.  MATHIS,                          CV F   02 5869 REC LJO P

10 |                         Plaintiff,

11 |       v.                              FINDINGS AND RECOMMENDATIONS TO
       DISMISS ACTION

12 |

13 | COBBS, et.  al.,

14 |                       Defendants.
   _____/

15
16      Plaintiff Benjamin S. Mathis ("Plaintiff") is a state prisoner proceeding pro se and in
17 forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on
18 July 18, 2002.  On November 15, 2002, the Court dismissed Plaintiff's complaint, with leave to
19 amend, for failure to state any claims upon which relief may be granted.  In the Complaint
20 Plaintiff raised an excessive force claim and complained generally about prison disciplinary
21 proceedings.   Plaintiff filed an Amended Complaint on May 8, 2003.

22      On September 8, 2003, the Court dismissed the Amended Complaint and granted Plaintiff
23 leave to file a Second Amended Complaint.  Plaintiff was informed of the relevant law
24 concerning the 8th Amendment prohibition on cruel and unusual punishment, retaliation, equal
25 protection, inmate appeals, conspiracy and state law claims.

26      The Second Amended Complaint was filed on March 22, 2004.  On May 2, 2005, the
27 Court, for the third time, dismissed the Second Amended Complaint this time failure to comply
28 with Rule 8(a) of the Federal Rules of Civil Procedure.  Pending before the Court is Plaintiff's

1   Third Amended Complaint filed on May 25, 2006.

2   **A.  SCREENING REQUIREMENT**

3       The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

9   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

10  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

11      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

12  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

13  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

14  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

15  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

16  complaint under this standard, the court must accept as true the allegations of the complaint in

17  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

18  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

19  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20  **B.  SUMMARY OF COMPLAINT AND DISCUSSION**

21      Plaintiff alleges in his Third Amended Complaint that on August 12, 2001, he was

22  "falsely charged with committing an act of battery on another prisoner."  Plaintiff states that this

23  charge was brought by one of the Defendants named in the action and was based on false

24  evidence.  Plaintiff states that this Defendant knew this information was false and that he

25  purposely lied when he stated that the evidence indicated Plaintiff's guilt.  Plaintiff states that

26  this amounts to "deliberate, malicious prosecution" and he is seeking relief.  Plaintiff also states

27  that it was known to this Defendant's superiors that the reports created by Defendant Saunders

28  were falsified.  Plaintiff is requesting monetary damages for each day of his "illegal confinement

1  as a result of a disciplinary finding in addition to an investigation into the acts of the Defendants.

2       Where, as here, "success in a . . . [Section] 1983 damages action would implicitly

3  question the validity of conviction or duration of sentence, the litigant must first achieve

4  favorable termination of his available state, or federal habeas, opportunities to challenge the

5  underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303,

6  1304 (2004) (citing Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641,

7  648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were

8  affected).  Because the punishment imposed affects the duration of Plaintiff's sentence,

9  Plaintiff's civil rights allegations are barred until such time as Plaintiff invalidates the result of

10 the re-sentencing. Id.  Accordingly, Plaintiff's allegations fail to state a cognizable claim under

11 § 1983 and must be DISMISSED without prejudice.[1] See Edwards v. Balisok, 520 U.S. 641, 649,

12 117 S.Ct. 1584  (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995).

13 **C. CONCLUSION AND RECOMMENDATION**

14      Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief

15 under Section 1983 and the Third Amended Complaint is not capable of being cured by

16 amendment.  Thus, leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v.

17 Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  The Court HEREBY RECOMMENDS that

18 this action be dismissed in its entirety and that any pending motions be denied as MOOT.

19      It is HEREBY ORDERED that these Findings and Recommendations be submitted to the

20 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.

21 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

22 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy

23 of this Report and Recommendation, any party may file written objections with the Court and

24 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

25 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed

26

27       [1]Where Plaintiff seeks to challenge either the fact or duration of his confinement, his sole remedy is to file a
   Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 after exhausting state judicial remedies. See
28 Calderon v. Ashmus, 523 U.S. 740, 747, 118 S.Ct. 1694 (1998).

1  within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.

2  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

3      The parties are advised that failure to file objections within the specified time may waive

4  the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

5  1991).

6  IT IS SO ORDERED.

7  **Dated:    September 29, 2006**          <u>**/s/ Lawrence J. O'Neill**</u>

8  b9ed48                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28